UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

L. BONNIE KEYS,

       Plaintiff,

                                      Case No. 1:04-CV-633

v.

                                      HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on November 4, 2005, in which the magistrate judge recommended that the Commissioner's decision denying Plaintiff's claim for disability insurance benefits be affirmed pursuant to 42 U.S.C. § 405(g).[1] The magistrate judge concluded that the ALJ's determination that Plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy was supported by substantial evidence. After conducting a *de novo* review of the report and recommendation, the Court will adopt the magistrate judge's report and recommendation and affirm the Commissioner's decision denying benefits to Plaintiff.

---

[1] Objections to a magistrate's report and recommendation must be served and filed with the Clerk of the Court within ten days after service of the report. 28 U.S.C. § 636. Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. The magistrate judge issued his report on November 4, 2005. On November 18, 2005, Plaintiff moved for an extension of time to file her objections to the magistrate judge's report. Thereafter, Plaintiff filed her objections on November 28, 2005. On March 3, 2006, the magistrate judge granted Plaintiff's motion for an extension of time to file her objections.

In reaching his conclusion that Plaintiff was not disabled for purposes of the Social Security Act because she could perform a substantial number of jobs in the economy, the ALJ first noted that Plaintiff's clinical and diagnostic findings were not indicative of disability.  Moreover, the ALJ found Plaintiff's allegations regarding her limitations not totally credible.  For instance, he noted that Plaintiff's activities were inconsistent with her claims of debility where Plaintiff performed household chores, gardened, went shopping, traveled to Florida for the winter months, went to flea markets for one-to-two hours at a time, and traveled more than sixty miles about once every two weeks while she was in Michigan to see her family.  Furthermore, the ALJ explained that his observation of her at the hearing undercut her contentions of debility, where she demonstrated ease of mobility and the capacity to sit for a prolonged period of time.  In addition, the ALJ found that Plaintiff's ability to read for prolonged periods of time belied her claim that her pain was so severe that it affected her ability to concentrate.

The ALJ also found that the opinions rendered by Plaintiff's treating physicians were not supported by the medical record and were inconsistent with the record as a whole.  For instance, the ALJ noted that one of Plaintiff's doctors opined that Plaintiff could not stand or walk for any amount of time at all, which was belied by Plaintiff's own testimony regarding her activities.  Similarly, the ALJ found that Plaintiff's other doctor's opinion that Plaintiff could not sit for more than two hours total in an eight hour workday was unsupported by the record, where, for instance, the record indicated that Plaintiff could travel for long periods of time by car.

Finally, in considering Plaintiff's functional capacity, the ALJ found that Plaintiff acquired skills in her past work as a nurse's aid that were transferable to semi-skilled jobs within her residual

functional capacity. In light of her residual functional capacity and skills, the ALJ found that Plaintiff could perform 21,000 jobs in the Michigan economy.

The arguments Plaintiff raises in her objections to the magistrate's report and recommendation are identical to the arguments she presented originally to the magistrate in her brief appealing the ALJ's decision. Because, upon review of the briefs and record, the Court agrees with the magistrate's conclusion that substantial evidence exists to support the ALJ's conclusion that Plaintiff is capable of performing a substantial number of jobs in the economy, it would serve no purpose for this Court to individually raise and respond to the previously addressed arguments that Plaintiff raises in her objections to the magistrate's report and recommendation. *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 4, 2005, (docket no. 14), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

The case is **concluded**.


Dated: March 28, 2006           /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE